W. F. Strasburger and Mildred Strasburger v. Commissioner.
Strasburger v. Commissioner
Docket No. 86816.
United States Tax Court
T.C. Memo 1962-255; 1962 Tax Ct. Memo LEXIS 55; 21 T.C.M. (CCH) 1351; T.C.M. (RIA) 62255; October 30, 1962
*55 1. Held, that the principal petitioner is not entitled to deduct from his individual gross incomes for the taxable years involved certain expenses and depreciation relating to the business operations and improved real estate of a corporation of which he was the sole stockholder. 2. Held, that in computing depreciation on certain apartment properties owned by petitioner individually, he failed to establish error in the Commissioner's determination that the remaining useful life of said properties as of January 1, 1956, was 8 years. 3. Held, that in computing depreciation on an automobile which petitioner used partly in his individual business, the salvage value to be attributed to such automobile as of the end of its useful life was $1,000, rather than the larger amount determined by respondent. Principle of Cohan v. Commissioner, 39 F. 2d 540, applied. Sol Goodman, Esq., 1016 Fifth-Third Bank Bldg., Cincinnati, Ohio, for the petitioners. James C. Bright, Esq., for the respondent. PIERCE Memorandum Findings of Fact and Opinion PIERCE, Judge: The respondent determined deficiencies against petitioners in income tax and additions to tax for *56 years and in amounts as follows: Additions to tax
Year
Deficiency
Sec. 6653(a)
1956
$2,451.18
$122.56
1957
5,181.36
259.07
The issues for decision are: 1. Whether the principal petitioner is entitled to deduct from his individual gross incomes for the taxable years here involved, certain business expenses, repairs and depreciation pertaining to the real estate and business of a corporation engaged in the restaurant business, of which petitioner was the sole stockholder. 2. Whether, in computing depreciation on certain apartment buildings owned and operated by petitioner individually, the remaining life to be attributed to said buildings as of January 1, 1956, should be other than the 8 years determined by the respondent. 3. Whether, in computing depreciation on an automobile owned and used by petitioner in his individual business, the salvage value to be attributed to said automobile as of the end of its useful life should be other than the amount determined by respondent. Some of the facts were stipulated and are so found. Separate findings of fact and a separate opinion as to each of the above issues are hereinafter set forth. Issue I. *57 Findings of Fact Petitioners, W. F. and Mildred Strasburger, are husband and wife. They filed a joint Federal income tax return for each of the taxable years involved, with the district director of internal revenue at Cincinnati, Ohio. The husband during said years was engaged in a business of selling household appliances at retail and of owning and operating various tenement-type apartment buildings. The wife is a party hereto solely by reason of having joined in the filing of the joint income tax returns. In July 1956, W. F. Strasburger (hereinafter called the "petitioner") entered into a contract with an individual named Harvey Landon to purchase from the latter the following: (1) All the issued and outstanding shares of capital stock of an Ohio corporation named The Valley Exchange, Inc., which was then engaged in the business of operating a restaurant in Cincinnati; and (2) a parcel of improved real estate located on Vine Street in Cincinnati, on which the corporation operated its restaurant business. The contract called for a total purchase price for said properties of $70,000, of which $15,000 was allocated to the stock of said corporation, and $55,000 was allocated *58 to said real estate. This purchase price was to be paid as follows: $10,000 in cash, which at the time of the execution of the contract was deposited in escrow; and a promissory note in the face amount of $60,000 which was to be secured by a first mortgage on said real estate. Thereafter, in August 1956, the sale of the above properties was consummated in the following manner: 1. On August 6, the $10,000 initial payment on the purchase price was released from the escrow and paid over to Landon. 2. On or about the same date of August 6, all of the issued and outstanding shares of stock of the Valley corporation were transferred and delivered to petitioner as the sole stockholder. Thereupon the former officers of the corporation resigned; and the following new officers were elected: Petitioner, as president; and Sol Goodman, who was petitioner's attorney, as secretary. 3. On August 23, a warranty deed covering the above-mentioned premises on which the corporation was operating its restaurant, was executed by Landon to the Valley corporation as grantee. (This is the same parcel of real estate which the petitioner had agreed to buy under the above-mentioned contract.) 4. Also *59 on August 23, a purchase money mortgage for $60,000, being the unpaid balance of the purchase price, and also a promissory note in the face amount of said $60,000 were executed. The purchase money mortgage in favor of Landon was executed solely by the Valley corporation, acting through petitioner as its president and Sol Goodman as its secretary. The promissory note, on the other hand, was executed not only by the corporation, but also by petitioner individually. Both the deed and purchase money mortgage were each filed of public record, immediately after the same were executed and delivered. Following the execution and delivery of the above-mentioned instruments, the Valley corporation continued, during each of the taxable years and up to the time of the trial herein, to carry on its restaurant business on the above-mentioned premises which had been so deeded to it. Also throughout said period, the corporation maintained its own corporate books of account; and for each of the taxable years 1956 and 1957, it filed a Federal corporate income tax return which was signed on its behalf by the petitioner as its president. In each of said returns, it reported gross income from sales made *60 in the operation of its restaurant business; claimed deductions for various business expenses, including depreciation on its fixtures and equipment but not on the building which it occupied; and reported a loss from its operations. Title to the above-mentioned premises which the corporation used in its restaurant business continued to remain in the corporation from the time it acquired the deed therefor from Landon in August 1956, up to the time of the trial herein. In August 1956, at a time which was shortly after the above transactions were consummated, petitioner as president of the Valley corporation employed on behalf of the corporation an individual named Robert Jack Morgan to be the manager of the corporation's restaurant business. It was agreed at that time that Morgan would be paid a salary of $100 per week, plus a year-end bonus equal to one-third of the estimated profits from the corporation's business for that portion of each year in which Morgan served as manager. Morgan thereafter took complete charge of the corporation's restaurant; kept all the corporate records; and also paid portions of the corporation's operating expenses out of a checking account which was established *61 for his use and over which he had sole control. At or about the end of each week, Morgan would withhold from the corporation's business receipts $100 in payment of his salary for such week; and at the same time, he also would pay over to petitioner the sum of $200 - in accordance with the informal agreement between him and the petitioner that the profits of the corporation's business would be divided between them on a 1/3-2/3 basis. On or about Christmas Day 1956, the corporation paid Christmas bonuses to its cooks, waitresses, bartenders and other employees. Shortly prior thereto, Morgan and petitioner conferred informally, for the purpose of estimating the probable profit of the corporation during the period of 1956 that Morgan served as manager, and also for the purpose of determining the one-third portion of said estimated profit which was to be paid to Morgan in addition to his regular salary. Without making any detailed examination of the corporation's books, petitioner and Morgan thereupon established that the probable profits of the corporation for the portion of the year during which Morgan was employed would be about $2,500; and that Morgan's one-third share thereof would *62 be $833.33. [1] Petitioner thereupon delivered to Morgan his personal check for such estimated amount ($833.33). This amount represented additional compensation to Morgan for his services to the corporation. During each of the years 1956 and 1957, it was the practice of petitioner to pay on the corporation's behalf when the latter was short of funds, various expenses of the corporation for such items as repairs or improvements to its restaurant, and restaurant supplies used in its business operations. Petitioner and his wife, in their joint income tax returns for 1956 and 1957, deducted in respect of the amounts so advanced by petitioner on behalf of the Valley corporation, the amounts of $2,150.49 and $540.64, respectively, as individual business expenses of the petitioner. However at the trial herein, they conceded by stipulation that a portion of the amounts so deducted for the year 1956, and all of the amounts so deducted for the year 1957, were not properly deductible, *63 for the reason that the same represented expenses of the corporation in the operation of its restaurant business. Petitioner and his wife also deducted on their return for each of said taxable years: (1) Depreciation on the building occupied by the Valley corporation, which was part of the premises which had been deeded to it as aforesaid; (2) interest paid on the mortgage covering said premises, which was owed by said corporation; and (3) the above-mentioned $833.33 which had been paid to the corporation's manager Morgan in December 1956. The respondent disallowed all of the above-mentioned deductions. Opinion Petitioner's position as to this issue is, in substance, that the corporation was merely a "straw man" which held only the naked title to the premises on which it operated the restaurant business; and that the beneficial ownership of such real estate was believed by petitioner to be in him individually. Thus, in the petition herein, it was pleaded that the entire restaurant operation was "carried on, operated and used by the petitioners without knowledge or distinction on their part as to the corporate entity existence"; and that for the year 1957, they deducted the *64 expenses and depreciation with reference to the restaurant property "under the belief that title to the property was in their name rather than in the name of the corporation." We think that such contention of petitioner is not supported by and is contrary to the evidence, and that it is wholly without merit. The evidence establishes that although petitioner initially contracted to buy the real estate, the warranty deed thereafter executed actually ran solely to the corporation; that the purchase money mortgage covering the unpaid portion of the purchase price was executed solely by the corporation, acting through petitioner and Goodman as its president and secretary; that each of these instruments was then filed of public record, as evidence that the ownership of the property was in the corporation rather than in the petitioner individually; and that thereafter, the title to said real estate continued to remain in the corporation. Also, there is no dispute that the corporation, as a separate taxable entity, employed a manager; kept separate books of account; and filed corporate income tax returns, on which it reported gross income and claimed deductions for certain business expenses. *65 In these circumstances, there can be no justification for petitioner's position that the corporation was merely a "straw man" which should not be recognized as a separate taxpayer. We hold that the corporation was a separate taxpayer; and that petitioner, in his capacity as sole stockholder thereof, is not entitled to deduct from his own personal gross income those items of the corporation's expenses which, to the extent that they are deductible, would be deductible only by the corporation on its own returns. As regards the $833.33 which was paid to Morgan in December 1956, there is conflicting testimony. Petitioner testified in substance that he paid this sum to Morgan for selling toys and household appliances to the restaurant customers; but on his return, petitioner deducted said sum as repairs to rental property. Morgan testified, on the other hand, that at about the time when the corporation was paying its Christmas bonuses at the end of the year 1956, he and petitioner estimated that the profits of the corporation for the period when Morgan served as manager, would probably be about $2,500; and that they then fixed the amount of Morgan's one-third share of such profits at *66 $833.33 (which is exactly one-third of $2,500). It is our opinion after considering and weighing all of the evidence with respect to this matter, that this conflict of testimony should be resolved against the petitioner. Accordingly we have hereinabove found as a fact, and we here hold, that said amount represented compensation to Morgan for his services to the corporation; and we further hold that the same is not deductible by the petitioner. As regards the interest paid on the promissory note and purchase money mortgage that were executed at the time when the corporation acquired title to its real estate on which it operated its restaurant, the mortgage by its terms describes the promissory note as being "its" (i.e., the corporation's) obligation; and also in the stipulation of facts filed herein by the parties, it is stated that the interest payment here in question was "paid on the mortgage owed by The Valley Exchange, Inc." There is no evidence to the contrary. It thus appears that petitioner signed the note (but not the mortgage) solely as an accommodation maker in his capacity as sole stockholder of the corporation. Accordingly we hold that petitioner is not entitled to deduct *67 said interest from his own personal gross income for the year 1957. We decide all questions involved in this first issue for the respondent. Issue II. Findings of Fact The petitioner, during each of the taxable years involved, owned and operated several tenement-type apartment buildings, from which he received rentals. In the joint income tax return which he and his wife filed for each of said years, he claimed depreciation on these properties in such manner as to reflect a remaining useful life of the properties of 6 years, as of January 1, 1956. The respondent, in his notice of deficiency, reduced the amount of such claimed depreciation, on the basis of his determination that such remaining useful life of the properties as of said date was 8 years rather than 6 years. Opinion The remaining useful life of improvements to real estate, as of any particular date, is a question of fact; and here the petitioner had the burden of establishing error in the respondent's determination as to the remaining useful life of the properties involved. Petitioner did not sustain such burden. His contention was that the method of computing depreciation, which he had employed on his return, *68 had been used by him for several years; and that such method had been recommended to him at some previous time by an unidentified revenue agent. But respondent was not estopped from redetermining the correct depreciation for the years here involved, by reason of any such "recommendation" that a revenue agent might have given to petitioner in some previous year. As this Court recognized in the recent case of Edward V. Lane, 37 T.C. 188, 196 (wherein other cases were cited), it has long been the rule that depreciation deductions are to be corrected in any year when it is apparent that the factor involving the extent of useful life is erroneous. We sustain the respondent's determination as to this issue, in the absence of any evidence tending to establish error therein. Issue III. Findings of Fact During each of the years here involved, petitioner owned a 1956 Cadillac automobile, which he had acquired at a cost of $5,975, and which he used partly in his individual business. In computing depreciation thereon for each of the taxable years, petitioner used an estimated useful life of 5 years; but be made no allowance for salvage value at the expiration of such useful *69 life. The respondent, in his notice of deficiency, reduced the amount of the claimed depreciation by attributing to the automobile a salvage value of $1,792.50, as of the end of the 5-year period. Opinion At the trial herein, petitioner conceded that in computing depreciation on the automobile, an adjustment should be made to reflect salvage value; and such concession is proper in the light of the Supreme Court's decision in Massey Motors, Inc. v. United States, 364 U.S. 92 (1960). But petitioner contended that the salvage value which respondent used was excessive, because the amount actually realized upon disposal of the automobile in a somewhat damaged condition at the end of the 5-year period was only $700. After considering all the evidence with respect to this issue, we agree that the salvage value which the respondent used was somewhat too high. Accordingly, after giving consideration to the damaged condition of the car at the time of its disposal and applying the principle of Cohan v. Commissioner, 39 F. 2d 540, we hold that the proper salvage value which should be used in computing depreciation on the automobile is $1,000. This adjustment will *70 be reflected in the computation to be made herein under Rule 50. The respondent, in his principal brief, presented argument in support of his determination that an addition to tax for negligence under section 6653(a) of the 1954 Code should be imposed for each of the years involved; and the petitioners, after making no reference to this matter in their principal brief, merely stated in their reply brief that there was no such negligence. In the petition herein, no error was assigned with respect to respondent's imposition of such additions to tax; and at the trial no evidence was presented respecting the same. Accordingly, since no error was assigned regarding the Commissioner's determination as to the additions to tax, that determination has not been challenged; no issue respecting the same is before us, and we therefore make no decision regarding such an issue. This Court has held repeatedly that it will not consider issues which were not raised by the pleadings. Irving Segall, 30 T.C. 734; Sicanoff Vegetable Oil Corporation, 27 T.C. 1056, 1066; F. H. Philbrick, 27 T.C. 346, 353. See also Rule 7(c)(4)(B)4, Tax Court Rules of Practice.
*71 Decision will be entered under Rule 50. Footnotes
1. In the notice of deficiency, the amount is stated to be $883.33. However, in the testimony presented at the trial, the correct amount was established to be one-third of $2,500, or $833.33 as above found.↩